IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY WAYNE SCOFIELD,          )
                               )
        Plaintiff,             )
                               )
                               )
    v.                         )        CASE NO. 2:20-CV-652-WKW
                               )               [WO]
REOSHA BUTLER, *et al.*,        )
                               )
        Defendants.            )
                               )

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a prison conditions case.  Plaintiff Jerry Scofield, an inmate at Ventress Correctional Facility, alleges, under 42 U.S.C. § 1983, that Defendants violated his constitutional rights in many ways, most of which pertain to exposure to COVID-19. *See generally* Amended Complaint (Doc. # 7.)   Notably, Scofield is representing himself in this action as a pro se plaintiff.  On August 17, 2023, the Magistrate Judge filed a Recommendation (Doc. # 73) to which Scofield filed an Objection (Doc. # 74).  The Magistrate Judge recommended that Defendants' special reports (Docs. # 29, 41), which are construed as motions for summary judgment, be granted and that Scofield's federal claims be dismissed with prejudice.

For the reasons that follow, the Recommendation is due to be adopted in part and rejected in part.  Specifically, the Recommendation is adopted to the extent it

recommends dismissal of Scofield's claims brought in the Amended Complaint; however, contrary to the Recommendation, the court finds the Scofield's claims should be dismissed *without* prejudice.  Dismissal without prejudice is warranted because Scofield's Objection clarifies the legal theories he asserts and because it provides new factual allegations that undermine the Recommendation's analysis of the Amended Complaint.[1]

Because Scofield's claims will be dismissed without prejudice, he will be granted leave to file a second amended complaint by **November 1, 2023**. Dismissing a claim "with prejudice" functionally means that the claim *cannot* be brought again, either in an amended complaint or in a different case.  Dismissing a claim "without prejudice" functionally means that the claim *can* be reasserted again, either in an amended complaint or in a different case.  That means Scofield is being given the opportunity to bring his claims again in this case.  If Scofield files a second amended complaint, it should include the factual detail that he includes in his Objection, but that was not in his Amended Complaint.  *Compare* Objection to Recommendation (Doc. # 74) *with* Amended Complaint (Doc. # 7).

---

[1] The Objection was filed, naturally, after entry of the Recommendation.  The Magistrate Judge did not have the benefit of Scofield's additional information when crafting the Recommendation.

## I.    JURISDICTION AND VENUE

This court has jurisdiction over Scofield's 42 U.S.C. § 1983 claims under its federal question jurisdiction.  28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006).  Neither personal jurisdiction nor venue are in dispute.

## II.    STANDARD OF REVIEW

A party's timely written objections to a magistrate judge's report and recommendation require this court's *de novo* review of those portions of the report to which the party objects.  *See* 28 U.S.C. § 636(b); *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need not be considered by the district court.").  After completing its review, applying the same standard as the magistrate judge, the court may accept, reject, or modify the report, in whole or in part.  *See* 28 U.S.C. § 636(b).

Moreover, federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to pro se plaintiffs "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to

sustain an action*." GJR Inv., Inc.*, 132 F.3d at 1369. A pro se complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## III. DISCUSSION

Plaintiff Jerry Wayne Scofield is a pro se inmate currently in the custody of the Alabama Department of Corrections at Ventress Correctional Facility.

The court concludes both that the motions for summary judgment should be granted and that the Recommendation adopted to the extent that all claims will be dismissed. Crucially though, and departing from the Recommendation, Scofield's claims will be dismissed *without* prejudice.

In his objection, Scofield asserts that his Amended Complaint brought three distinct claims—but that only one of them was addressed by Defendants or the Recommendation. (Doc. # 74 at 2.)

First, he advances a claim regarding exposure to COVID. (Doc. # 74 at 2 ("Mr. Scofield himself was exposed to covid-19," and he "got COVID-19 from prolonged direct exposure to COVID-19 positive inmates, and a time period of 60-70 days passed . . . before the whole camp was tested for COVID-19 [which] ensured there would not be any positive test results. Still to this day, Mr. Scofield has coughing fits, and shortness of breath.").)

Second, he has a claim about high temperatures in Ventress. (Doc. # 74 at 3 ("Inmates are locked down inside for 20 hours a day, 7 days a week, in excessive [100 degree] heat that can, and does, damage kidneys, liver, heart, lungs, and brain; thus the ADOC are handing out death sentences from overheating.").)

Finally, he brings a claim about "the lack of guards [at Ventress]" which has resulted in gang violence and "gangs running the Ventress facility," which Defendants "will not do anything about." (Doc. # 74 at 3–4.)

Only the first of these, the claim regarding deliberate indifference to COVID, was addressed by the Recommendation. That is because, unlike Scofield's Objection, the Amended Complaint itself does not clearly assert the high-temperature and excessive-inmate-violence claims. While the Amended Complaint does reference excessive violence at Ventress, calling it a "death camp," as well as dangerously high temperatures at Ventress, these references were in context of COVID-19; indeed, the gist of each separate "ground" in the Amended Complaint always returns to COVID-19. *See generally* (Doc. # 7.) Thus, the Recommendation was correct in viewing the Amended Complaint as not asserting excessive violence or high temperatures claims distinct from Scofield's COVID claim. But the Objection does make it clear that Scofield intended the violence and temperatures claims to be distinct from the COVID claim. *See generally* (Doc. # 74.)

As to the COVID claim, the Recommendation found that the Prison Litigation Reform Act (PLRA) barred the claim because Scofield only alleged that he was exposed to COVID (not that he actually contracted it), which is insufficient to show physical harm for a compensatory damages claim under the PLRA. *See* (Doc. # 73 at 1, 6–7 ("Plaintiff does not personally allege that he contracted COVID-19.").) The issue here is that Scofield's Objection unambiguously alleges that "Scofield got COVID-19 from prolonged direct exposure." (Doc. # 74 at 3.) Thus, unlike the Amended Complaint, the Objection's factual allegations as to the COVID claim show actual, concrete harm—not just a risk of harm. Given that the Objection's factual allegations undermine the reasoning of the Recommendation, dismissal *with prejudice* in this pro se case is inappropriate. However, dismissal is nonetheless warranted because the court agrees with the Recommendation that the Amended Complaint, as written, does not allege that Scofield actually contracted COVID-19.

Accordingly, Scofield's Objection asserts he brought three claims in his Amended Complaint. One of them was addressed by the Recommendation based on the facts in the Amended Complaint. The Objection brings new facts that undermine the reasoning of the Recommendation as to that claim. The other two claims appropriately were not addressed by the Recommendation because they were not clearly asserted in the Amended Complaint. However, the Objection provides

sufficient information to put the court, and the Defendants, on notice of the nature of those two additional claims, *i.e.*, the high-temperature and excessive-inmate-violence claims.[2]

Nonetheless, the court finds no fault in the Recommendation's substantive analysis of Scofield's Amended Complaint and therefore will adopt the recommendation to dismiss for the reasons outlined in the Recommendation. The court will not, however, dismiss any of Scofield's claims with prejudice given that he is in a pro se capacity, that he diligently objected to the Recommendation, and that he provided a much clearer basis for his ultimate case in his Objection. Instead, the court will dismiss without prejudice and grant Scofield an opportunity to file a second amended complaint, which should include the additional factual and legal detail that was included in his Objection (Doc. # 74) but not in his Amended Complaint (Doc. # 7).

---

[2] This is not to say that either of these two claims, or any of Scofield's claims will be viable if he chooses to file a second amended complaint. This is just to say that the Objection at least frames the legal claims that Scofield seemingly attempted, but failed, to assert in his Amended Complaint. Those claims being Eighth Amendment conditions-of-confinement claims, alleging deliberate indifference to excessive inmate violence, *see Barefield v. Dunn,* No. 2:20-CV-917-WKW, 2023 WL 5417550, at *1 (M.D. Ala. Aug. 22, 2023), and deliberate indifference to excessively high temperatures, *see Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004) (permitting Eighth Amendment conditions of confinement challenge for high temperatures in prison cells during the summer months).

## V.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1)    The Recommendation (Doc. # 73) is ADOPTED in part and REJECTED in part.

(2)    Defendants' motions for summary judgment (Docs. # 29, 41) are GRANTED to the extent that Scofield's claims brought in the Amended Complaint (Doc. # 7) are dismissed.

(3)    Plaintiff Jerry Scofield's claims are dismissed without prejudice.

(4)    Plaintiff Jerry Scofield is GRANTED leave to file a second amended complaint on or before **November 1, 2023**.

DONE this 28th day of September, 2023.

_____/s/ W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE