IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY WAYNE SCOFIELD, #305657, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CASE NO. 2:20-CV-652-WKW-SMD |
| REOSHA BUTLER, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Jerry Wayne Scofield filed this *pro se* 42 U.S.C. § 1983 action. *See* Docs. 1, 2. On September 28, 2023, the Court gave Plaintiff an opportunity to file a second amended complaint (Doc. 75), which the Court received on January 4, 2024 (Doc. 80). Upon review of the Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED for failure to state a claim on which relief may be granted.

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

## II. THE SECOND AMENDED COMPLAINT

In his Second Amended Complaint (Doc. 80), Plaintiff names Warden Reosha Butler, former Alabama Department of Corrections ("ADOC") Commissioner Jefferson Dunn, current ADOC Commissioner John Hamm, and ADOC Associate Commissioner Cheryl Price as defendants. *Id*. at 1, 2. He first alleges that "temperatures [at Ventress Correctional Facility] get up to 102° and higher in the dorms at summertime, due to the climate change, and lack of air conditioning." *Id*. at 3. Plaintiff "is in this high heat at least 20 hours a day, 7 days a week." *Id*. at 4. Plaintiff "has complained about the heat to the wardens, and their response was, 'You should've stayed at home,' and then they laugh about it." *Id*.

He next alleges that Ventress is "being run by gangs, who beat, rape, and murder other inmates." *Id*. at 3. "The C.E.R.T. team came to Ventress recently, and the gangs teamed-up, and ran the C.E.R.T. team out of the dorm." *Id*. at 5. Additionally, gang members will wait until an inmate has finished making a purchase in the sandwich line and then "swarm the individual with knives, and rob them." *Id*. Gangs are also "used as a threat/punishment for inmates that are not involved, for if you get in trouble in a good dorm, you get moved out, and into one of the gang dorms, to be punished." *Id*.

Finally, Plaintiff alleges that, "[d]ue to the lack of officers, the gang violence runs unabated" and "never seems to stop." *Id*. at 3. "There are ambulances coming and going all hours of the day, and night. Sometimes, there might only be one or two in a 24-hour period, but there are also times when it seems they never stop." *Id*. at 6. Based on these allegations, Plaintiff believes his Eighth Amendment right against cruel and unusual

2

punishment was violated.² *Id*. at 2, 3, 4, 6. As relief, he seeks ten million dollars in punitive damages. *Id*. at 7.

## III. DISCUSSION

### a. The Second Amended Complaint does not state any legal claims against Defendant Warden Reosha Butler.

As an initial matter, although Plaintiff names Warden Butler as a defendant in the caption of the Second Amended Complaint (*see* Doc. 80 at 1), he repeatedly asserts that each of his legal claims are made only against Defendants Dunn, Hamm, and Price. *See id*. at 2 (providing that Dunn, Hamm, and Price are the "individual(s) [Plaintiff] allege[s] violated [his] constitutional rights" and explicitly stating that he purports to bring his extreme temperatures claim against Dunn, Hamm, and Price), 3 (explicitly stating that he purports to bring his gang violence and lack of security claims against Dunn, Hamm, and Price), 4 (reiterating that he brings his extreme temperatures claim "against the ADOC commissioner[]s"), 5–6 (reiterating that he brings his gang violence and lack of security claims against "[t]he commissioners").

Accordingly, because the Second Amended Complaint does not assert any legal claims against Defendant Butler, Defendant Butler is due to be dismissed from this action.

---

² Although Plaintiff vaguely references violations of his Fourteenth Amendment rights in addition to his Eighth Amendment rights, he does not specify what type of claim he seeks to assert under the Fourteenth Amendment, and it is not clear to the undersigned what type of claim he seeks to assert based on his allegations. Accordingly, because Plaintiff plainly states only that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, the undersigned will address only that claim. *See Roseberry v. Apple, Inc.*, No. 19-14340, 2021 WL 4204293, at *2 (11th Cir. Sept. 16, 2021) ("Liberal construction of *pro se* pleadings 'does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)).

*See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. Puerto Rico Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted).

### b. To the extent Plaintiff seeks monetary damages from Defendants Dunn, Hamm, and Price in their official capacities, Defendants are entitled to sovereign immunity.

Official capacity suits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a state employee may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). The Eleventh Circuit has specifically recognized that "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Accordingly, to the extent Plaintiff seeks monetary damages from Defendants in their official capacities, Defendants are entitled to sovereign immunity.[3] *See, e.g., Selensky v. Alabama*, 619 F. App'x 846, 849

---

[3] Additionally, "neither a State nor its officials acting in their official capacities are 'persons' [subject to suit] under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Carr*, 916 F.2d

(11th Cir. 2015); *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277–78 (11th Cir. 1998); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995).

### c. Plaintiff has failed to state a viable Eighth Amendment claim against Defendants Dunn, Hamm, and Price in their individual capacities.

To establish an Eighth Amendment conditions of confinement claim, Plaintiff must satisfy three elements. *Saunders v. Sheriff of Brevard Cnty.*, 735 F. App'x 559, 564 (11th Cir. 2018). The first element is "an objective hurdle, where a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Id.* (internal quotations and citation omitted). The violation "must be extreme" and deprive the prisoner "of the minimal civilized measure of life's necessities." *Id.* (citation omitted). The second element is subjective, in which "[t]he prisoner must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id.* (citation omitted). "Negligence is not enough; the officer 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (citations omitted). Finally, Plaintiff must demonstrate "a causal connection between the defendants' conduct and the Eighth Amendment violation." *Id.* at 564–65 (citation omitted).

#### i. Extreme Temperatures Claim

As to Plaintiff's claim that he was subjected to high temperatures in the dorms at Ventress, the United States Supreme Court has explained that "the Constitution does not

---

at 1525 n.3 ("[S]tate officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. § 1983.").

mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see also Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347; *Chandler*, 379 F.3d at 1289. While an inmate "need not await a tragic event" before seeking relief, he must demonstrate that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. *Helling v. McKinney*, 509 U.S. 25, 33, 35 (1993).

The Court will assume, for purposes of this Recommendation, that the temperatures alleged by Plaintiff are extreme enough to satisfy the first element of an Eighth Amendment claim. However, Plaintiff has nevertheless failed to demonstrate that Defendant Dunn, Hamm, or Price acted with a sufficiently culpable state of mind with regard to such temperatures. *See Saunders*, 735 F. App'x at 564. Indeed, there are no allegations whatsoever that these Defendants—supervisory personnel who are, presumably, not regularly present at Ventress—were aware of the allegedly high temperatures or knew of a substantial risk of serious harm from them.[4] *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for

---

[4] Plaintiff alleges only that, on an unknown occasion, he "complained about the heat to the wardens, and their response was, 'You should've stayed at home,' and then they laugh[ed] about it." Doc. 80 at 4. Not only does this single allegation fail to demonstrate any knowledge on the part of Defendants Dunn, Hamm, and Price, but it also fails to demonstrate that the unnamed wardens knew of a substantial risk of serious harm. Indeed, the allegation does not convey when Plaintiff spoke to the wardens, what he told them regarding the heat, what the temperature was at the time of this communication, or whether that temperature posed any danger to inmates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (citing *Twombly*, 550 U.S. at 555, 557); *see also Owens v. Sec'y of Fla. Dep't of Corr.*, 812 F. App'x 861, 870 (11th Cir. 2020) (citing *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[The Eleventh Circuit] has consistently held that conclusory allegations without specific supporting facts have no probative value.")).

denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Moreover, Plaintiff has wholly failed to demonstrate a causal connection between Defendants' conduct and the extreme temperatures. *See Saunders*, 735 F. App'x at 564–65; *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).

Absent any allegations that Defendants subjectively knew of the dorm temperatures at Ventress, that they were aware such temperatures posed a substantial risk of serious harm to Plaintiff or other inmates, and that they failed to act in a reasonable manner, the Second Amended Complaint fails to satisfy two of the requisite elements of an Eighth Amendment claim. *See Farmer*, 511 U.S. at 834; *see also Blair v. Coats*, No. 8:10-CV-1992, 2010 WL 5477678, at *5 (M.D. Fla. Dec. 30, 2010) ("Plaintiff's allegations . . . fail to provide facts that would make it plausible that the Defendant wantonly permitted constitutionally infirm conditions to persist. Therefore[,] Plaintiff fails to satisfy the necessary subjective component at the core of any [conditions of confinement] claim, i.e. that Defendant was deliberately indifferent."). Accordingly, Plaintiff's purported Eighth Amendment claim based on extreme temperatures must fail.

    ii.    <u>Gang Violence and Lack of Security Claims</u>

As to Plaintiff's claims that Ventress is being run by violent gangs who run unabated due to a lack of officers, it is well-settled that prison custodians are not the "guarantor[s] of a prisoner's safety." *Purcell ex rel. Est. of Morgan v. Toombs Cnty.*, 400 F.3d 1313,

1321 (11th Cir. 2005). However, the Eighth Amendment does provide an inmate with the right to be reasonably protected from an "excessive risk of inmate-on-inmate violence." *Id*. at 1320; *see also Helling*, 509 U.S. at 33 (noting that subjecting prisoners to "life-threatening condition[s]" while incarcerated is an unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment).

To satisfy the first element of an Eighth Amendment claim under a generalized risk of violence theory, Plaintiff must again show that the conditions of his confinement "were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury*, 936 F.3d at 1233. "While occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, . . . confinement in a prison where violence and terror reign is actionable." *Id*. at 1234 (internal quotations omitted). To make this showing, Plaintiff must allege that "serious inmate-on-inmate violence was the norm or something close to it." *Id*.

For the second element, Defendants must once again "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Id*. at 1233. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (citation omitted). Thus, a court "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id*. (citation omitted). In the context of claims regarding an excessive risk of inmate assaults, a plaintiff need not show that he notified an official that he feared an attack. *Id*. However, he must demonstrate

8

that the defendants "had subjective knowledge of a generalized, substantial risk of serious harm from inmate violence" and, with such knowledge, "knowingly or recklessly 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Id*. (citations omitted).

Finally, Plaintiff must once again demonstrate an affirmative causal connection between Defendants' actions and the rampant gang violence. *See Marbury*, 936 F.3d at 1233; *Saunders*, 735 F. App'x at 564–65; *LaMarca*, 995 F.2d at 1538.

The Court will again assume, for purposes of this Recommendation, that the gang violence and lack of security alleged by Plaintiff constitute an objective, substantial risk of serious harm sufficient to satisfy the first element. However, Plaintiff has once again failed to establish that Defendant Dunn, Hamm, or Price knew of that substantial risk and failed to respond reasonably. There are simply no allegations suggesting that these Defendants—who, again, are presumably not regularly present at Ventress—were aware of the alleged gang violence or lack of security at Ventress or that they inferred a substantial risk of serious harm based on those conditions. Although a court may infer the requisite subjective knowledge if the risk of harm is obvious, absent *any* showing that Defendants were aware of the underlying conditions at Ventress, the Court cannot conclude that they were aware of any harm from prisoner violence.[5]

---

[5] *See Bramlett v. Dunn*, No. 5:17-CV-1371, 2018 WL 6599115, at *2 (N.D. Ala. July 27, 2018) ("Absent more specific facts showing the defendants acted with 'a sufficiently culpable state of mind,' the complaint fails to establish the subjective component of an Eighth Amendment claim.") (citing *Sims v. Mashburn*, 25 F.3d 980, 983–84 (11th Cir. 1994)).

9

Additionally, Plaintiff has once again wholly failed to demonstrate an affirmative causal connection between Defendants' actions and the prison conditions at Ventress. Indeed, the Second Amended Complaint is devoid of any allegations of constitutional wrongdoing by Defendants, and the Eleventh Circuit has instructed that dismissal of a defendant is proper where a complaint fails to state any allegations associating the named defendant with a constitutional violation.[6] *See Douglas*, 535 F.3d at 1322 (citing *Pamel Corp.*, 621 F.2d at 36). Accordingly, Plaintiff's purported Eighth Amendment claim based on a generalized risk of violence must also fail.

      iii.    <u>Supervisory Liability Claim</u>

Finally, to the extent Plaintiff believes Defendants are responsible for the actions of unidentified prison officials at Ventress based on their supervisory positions within the ADOC, it is well-settled that supervisory personnel cannot be held liable under § 1983 under a theory of *respondeat superior* or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978) (holding doctrine of *respondeat superior* inapplicable to § 1983 actions); *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that plaintiff cannot hold supervisory officials liable for the actions of their subordinates under a theory of *respondeat superior* or vicarious liability under § 1983).

---

[6] The only allegations Plaintiff makes regarding Defendants is that they did not address his claims of extreme temperatures, gang violence, and lack of security in their response to Plaintiff's previous pleading. Doc. 80 at 4, 5. However, upon review of Plaintiff's previous pleading, the undersigned notes that the Amended Complaint contains only a single line regarding high temperatures, which appears to have been asserted as support for his previous COVID-19 deliberate indifference claim to which Defendants did respond. *See* Doc. 7 at 9 (noting that high temperatures in the dorm make the prison "an incubator" for spreading the COVID-19 virus). The undersigned finds no mention of gang violence or lack of security in the Amended Complaint.

Rather, Plaintiff must allege facts that demonstrate (1) a history of widespread abuse that put Defendants on notice of the need to correct the alleged deprivation and that they failed to correct the deprivation; (2) a custom or policy of Defendants' that resulted in deliberate indifference to Plaintiff's constitutional rights; or (3) that Defendants directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *See Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted).

Plaintiff does not allege any facts that demonstrate an unconstitutional custom or policy of Defendants', that Defendants directed Ventress officials to act unlawfully, or that Defendants knew Ventress officials would act unlawfully. Instead, Plaintiff alleges that he suffers from high temperatures "20 hours a day, 7 days a week"; that Ventress is "run by gangs, who beat, rape, and murder other inmates"; that, due to a lack of officers, "the gang violence runs unabated"; and that ambulances come and go at least once every twenty-four hours. Doc. 80. However, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Harrison*, 746 F.3d at 1298–99 (citation omitted). Indeed, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* at 1298 (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Moreover, the Eleventh Circuit has made clear that "[t]here can be no . . . supervisory liability when there is no underlying

11

constitutional violation." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 821 (11th Cir. 2017) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).[7]

In his Second Amended Complaint, Plaintiff has not alleged facts sufficient to demonstrate an underlying constitutional violation on which to base a supervisory liability claim. Again, even assuming the alleged conditions of Plaintiff's confinement satisfy the objective component of an Eighth Amendment claim, Plaintiff fails to demonstrate that any Ventress official acted with deliberate indifference to those conditions.[8] *See Farmer*, 511 U.S. at 834; *Kelley v. Jacksonville Sheriff's Off.*, No. 3:20-CV-1101, 2021 WL 1312733, at *4 (M.D. Fla. Apr. 8, 2021) ("Plaintiff fails to identify individual officers . . . who violated his constitutional rights or caused him to suffer a physical injury. As such, there can be no basis upon which to hold a supervisor liable.").

As noted above, the only allegation Plaintiff makes regarding any particular Ventress official is that, on an unknown occasion, he "complained about the heat to the wardens, and their response was, 'You should've stayed at home,' and then they laugh[ed] about it." Doc. 80 at 4. However, as the undersigned has already addressed, this single allegation fails to demonstrate that the unnamed wardens knew of a substantial risk of

---

[7] *See also Taylor v. Taylor*, 649 F. App'x 737, 747 (11th Cir. 2016) ("For a supervisor to be liable, there must be an underlying 'constitutional or statutory violation.'") (citation omitted); *Beshers v. Harrison*, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) (explaining that a constitutional violation by a subordinate is a necessary predicate to supervisory liability); *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (stating that a claim for supervisory liability fails where there is no underlying constitutional violation by a subordinate).

[8] The undersigned notes that, in Plaintiff's previous pleading, he stated: "Before Warden Butler came here to Ventress Corr. Facility, this camp was a death camp, with ambulances in and out 3 to 4 times a week. After Warden Butler got here, she has been doing everything in her power to make this a safe place [and] has got the inmate on inmate violence way down." Doc. 7 at 7.

serious harm, as it fails to convey when Plaintiff spoke to the wardens[9], what he specifically communicated to them, what the temperature was at the time of this communication, or whether that temperature posed any risk of harm. *See Iqbal*, 556 U.S. at 678; *Owens*, 812 F. App'x at 870; *see also Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (holding that merely uncomfortable temperatures cannot support a finding that a plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment). Plaintiff states no further factual allegations regarding wrongdoing by any identifiable Ventress official. *See generally* Doc. 80.

Thus, because Plaintiff has failed to state factual allegations sufficient to demonstrate that Defendants had subjective knowledge of a substantial risk of serious harm based on the alleged conditions at Ventress, that Defendants knowingly or recklessly disregarded that risk by failing to take reasonable measures to abate it, or that an underlying constitutional violation occurred on which to base an "extremely rigorous" supervisory liability claim, Defendants' failure to correct the alleged conditions at Ventress does not constitute an Eighth Amendment violation. Accordingly, this action is due to be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

---

[9] Plaintiff alleges that the dorms "get up to 102°" only in the summertime. Doc. 80 at 3.

## IV. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim on which relief may be granted.[10]

It is further ORDERED that, on or before **April 10, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[10] Plaintiff has been given multiple opportunities and extensions of time to amend his pleadings in this longstanding case. The undersigned finds that any further amendments would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

14

DONE this 27th day of March, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE